**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER T. HARRELL, | No. 10-35068 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-03092-PA |
| v. | |
| COSTCO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Peter T. Harrell appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging that defendants unlawfully accused him of

theft.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Olsen v.*

*Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).  We may affirm on any

---

  [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on the 42 U.S.C. § 1983 claims because defendants' complaint to the police and execution of the sworn criminal complaint, without more, did not convert them into state actors. *See Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989).

Summary judgment was properly granted on the malicious prosecution claim because Harrell failed to raise a genuine issue of material fact as to whether the prosecutors' decisions were influenced by any information misreported or withheld by defendants. *See Richer v. Poisson*, 903 P.2d 932, 935 (Or. Ct. App. 1995).

Summary judgment was properly granted on the false arrest and false imprisonment claims because Harrell failed to raise a genuine issue of material fact as to whether he was unlawfully confined. *See Hiber v. Creditors Collection Serv. of Lincoln Cnty., Inc.*, 961 P.2d 898, 901 (Or. Ct. App. 1998).

The district court properly granted summary judgment on the slander, libel, and defamation claims because Harrell failed to raise a genuine issue of material fact as to whether defendants' statements were not privileged. *See DeLong v. Yu Enters., Inc.*, 47 P.3d 8, 10 (Or. 2002).

The district court properly granted summary judgment on the intentional infliction of emotional distress claim because Harrell failed to raise a genuine issue of material fact as to whether defendants engaged in outrageous conduct. *See House v. Hicks*, 179 P.3d 730, 736-37 (Or. Ct. App. 2008).

The district court properly granted summary judgment on the negligence claims because Harrell failed to raise a genuine issue of material fact as to whether defendants' conduct "foreseeably pose[d] an unreasonable risk of harm" to him. *Cain v. Rijken*, 717 P.2d 140, 145 (Or. 1986).

We are unpersuaded by Harrell's remaining contentions, including his contention that the district court abused its discretion by denying him further discovery.

Harrell's "Objection and Motion to Strike" is granted in part as to pages 141-42 of the supplemental excerpts of record and footnotes 4-5 on page 23 of the answering brief. The "Objection and Motion to Strike" is otherwise denied.

**AFFIRMED.**